# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE D. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1977 CDP |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the Show Cause Order entered on November 29, 2007. In the Show Cause Order, the Court found that the petition appeared to be barred by the limitations period in 28 U.S.C. § 2244(d) and ordered petitioner to show cause why the petition should not be dismissed as time-barred. Petitioner has responded by alleging that he was not able to receive assistance from a prisoner law clerk and that the law library was inadequate. Petitioner argues that he is therefore entitled to equitable tolling of the limitations period. Petitioner is incorrect, and the Court will summarily dismiss the petition under Rule 4 of the Rules Governing § 2254 Proceedings.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the

respondent has lulled the plaintiff into inaction. Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." Id. at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

Under these principles, equitable tolling is not warranted in this case because the circumstances described by petitioner are not extraordinary. As a result, the petition is time-barred and will be dismissed.[1]

---

[1]As stated in the Show Cause Order, the petition was filed approximately 106 days after the limitations period expired.

Also before the Court is petitioner's "motion for stay pending appeal and request for certificate of appealability." The Court has reviewed the motion and finds it to be without merit. As a result, it will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [#1] is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that petitioner's "motion for stay pending appeal and request for certificate of appealability" is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of January, 2008.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE